Mr. Justice James
delivered the opinion of the Court:
This action was begun before a justice of the peace, was removed by writ of certiorari to the Circuit Court, and is now here on appeal from the judgment of the latter. The suit was brought to recover one-half the value of a party wall and one-half the measurer’s fee. In the Circuit Court a jury was *217 waived and the cause was heard by the court. At the trial it was shown on behalf of the plaintiff that, prior to the 6th day of March, 1886, one Clara Postley was the owner of the east part of lot 15 in square 5x7, on which there was a three-story building, known as number 461 H street, N. W., the east wall of which was placed equally upon the line between lots 14 and 15, constituting a party wall. On the 6th of March, 1886, the plaintiff received from B. H. Warner & Co., who were agents for the owner, the following writing, paying at the same time the $50 mentioned therein :
“Washington, D. Q., March 6, 1886.
“Received of A. Eberly a deposit of fifty dollars, to be applied in part payment of purchase of house No. 461 H street, N. W., with the improvements thereon. The purchaser is required to make full settlement in accordance with terms of sale within sixty days from this date or deposit will be forfeited. Price of property, $4,250; terms of sale, $1,085 cash, balance to be assumed in deed of trust ($3,165) now on the property secured by deed of trust on said described property, with interest at the rate of 6 per cent, per annum, payable semi-annually. Good title or deposit returned. Taxes and interest to be paid to date of sale. Rent to commence from date of sale. Conveyancing at cost of purchaser.
“B. H. Warner & Co.”
In pursuance of this agreement the lot above described was conveyed to the plaintiff by Clara and Charles Postley by deed dated April 19, 1886.
It appears that the defendant had for some time, and was. then, owner of the adjoining lot, number 14. It is not disputed that the wall in question was a party wall, nor that it was used by the defendant, nor that the erection of defendant’s building was in process between the 6th of March, the date of the agreement to sell to the plaintiff, and the 19th of April, the date of the conveyance to him. As to the time when the use of the party wall by the defendant was complete, the parties testified on their own behalf respectively. They differ somewhat, but, sitting in the capacity of a jury, as did the trial court, we find that the use for which this action was brought was complete before the 19th of April, when the plaintiff acquired his title to lot 15.
*218 It appears by the defendant’s own testimony that he had not paid Mrs. Postley, the original owner of lot 15, when he proceeded to use the party wall by inserting beams, etc., and that he has not since paid for such use. The defendant’s explanation is that, when he proceeded to build his house, he ■could not ascertain where she was, and that he would now have a set-off against her. He doés not deny his liability for the value of one-half of so much of the party wall as he used, but claims that he is liable only to Mrs. Postley, and that the plaintiff is a stranger to the matter.
The building regulations, after allowing a first builder to build a wall partly on an adjoining unoccupied lot, subject to use as a party wall, provide' that ‘ ‘ the first builder shall be reimbursed one moiety of the charge of such party wall, or so much thereof as the next builder shall have occasion to make use of, before such next builder shall anyways use or break into the wall;” and, again, that: “The indemnity to the adjoining owner shall be paid by the building owner previous to cutting or in anywise using said wall, at the then current price for similar work.”
Upon the meaning of this requirement the plaintiff rests his case. It provided that the “adjoining owner” should be paid even before the party wall should be used; but of course it cannot be pretended that he was to lose his right to be paid at all, in case he should not be paid before the use. The substance of the matter was that he was to be paid for the use; the time when he should be paid was only a regulation of the payment. It follows that an indebtedness would accrue upon the use, and that it must accrue to the person who was at the time adjoining owner. As it accrued before the 19th of April, and Mrs. Postley was until that time the adjoining owner, it accrued to her. The only question, then, would be, whether she assigned this claim by a conveyance of her property. We conceive that the whole matter had been reduced to a money obligation, personal to her, and that it could no more be regarded as an appurtenance to the property out of which it had grown, than could a claim for rent of that property previ *219 ously due. Even if it were regarded in the light of damages to the property, the answer would be that the plaintiff bought the property as damaged. We are of opinion that the plaintiff was a stranger in this matter and has no concern with the question of reimbursement.

Judgment is therefore reversed.